[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT #154
Plaintiff seeks a finding of contempt against the Defendant for violation of the automatic orders contained in section 25-5(1) by Defendant's transfers and/or disposal of assets. This section provides:
 "(1) Neither party shall sell, transfer, encumber . . . conceal, design, remove, or in anyway dispose of, without the consent of the other party in writing, or an order of a judicial authority, any property, individually or jointly held by the parties, except in the usual course of business or for customary and usual household expenses or for reasonable attorneys' fees in connection with this action. (emphasis added)
Defendant, through January 1999, operated a corporation in which he and Plaintiff were shareholders. At that time, the Defendant was preparing to close the business. In an effort to hide assets from the Plaintiff and from creditors, he took corporate funds and deposited them into an account of his girlfriend, Ms. Levieffe. The total amount taken was $34,000. CT Page 13300 Four thousand dollars was used to pay corporate taxes, $6700 was paid to the Plaintiff, and $4765 for a security deposit and first month's rent payment for a new apartment for him and his girlfriend. Defendant claimed that he used the balance to pay rent and to pay for food and living expenses, and therefore, as permitted by § 25-5(1), the money was used "customary and usual household expenses." In fact, Ms. Levieff paid a significant portion of these expenses as follows:
Rent: She paid the rent for June and September and part for July and August.
Other: For the period April 13, 1999 to August 16, 1999, the following:
 1. Household expenses — $287. 2. Cleaning service — $385. 3. Groceries — $1124. 4. Restaurant meals — $236. 5. Heating oil — $46. 6. Miscellaneous (telephone, cable, electricity, internet, water, car payments for Defendant, sanitation service, and purchase of an air conditioner) — $1660, and other payments the specifics of which Ms. Levieff cannot remember — $1465.
The Defendant has not accounted for his use of the funds taken. The Court finds that the Defendant took these funds, treated them as his own without regard for the "Automatic Orders", and used them for the benefit of him and his girlfriend and not for customary and usual household expenses.
The Court finds the Defendant in contempt for violation of the automatic orders of the court, by his willful transfer, concealment, removal and disposition of $17,270 in which the Plaintiff had an interest ($22,000 less the amount expended for the apartment deposit and first month's rent). Said funds were an asset of the parties and should have been available for division and disposition at time of judgment. An appropriate adjustment should be made as part of the dissolution order to reflect the Plaintiffs rightful share of and the Defendant's misappropriation of these funds.
In addition, Defendant is ordered to pay to the Plaintiff the sum of $1800 as attorney's fees for prosecution of this motion. Said payment to be made on or before December 1, 1999.
HILLER, J. CT Page 13301